Richard A. RYAN and Loreta J. Ryan, Appellants–Respondents,

v.

BLOCK & COMPANY, INC., Respondent–Appellant,

Stephen Crawford, I–29, LLC, First American Title Insurance Company, Wayne and Connie Lemon, and James and Janeen Burnham, Respondents.

Nos. WD 72402, WD 72411.

Missouri Court of Appeals, Western District.

Aug. 23, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2011.

Application for Transfer Denied Dec. 6, 2011.

Gregory Leyh, Gladstone, MO, Susan Ford Robertson and J. Zachary Bickel, Kansas City, MO, for Appellants-Respondents Richard A. and Loreta J. Ryan.

Douglas R. Dalgleish and Michael S. Cessna, Kansas City, MO for Respondent–Appellant Block & Company, Inc.

George P. Coughlin, Kansas City, MO, for Respondents Stephen C. Crawford and I–29, LLC.

Jarod G. Goff, Kansas City, MO, for Respondent First American Title Insurance Company.

Keith W. Hicklin, Platte City, MO, for Respondents Wayne and Connie Lemon.

Robert H. Shaw, Platte City, MO, for Respondents James and Janeen Burnham.

Before Division II: JAMES M. SMART, JR., Presiding Judge, and MARK D. PFEIFFER and CYNTHIA L. MARTIN, Judges.

### Order

PER CURIAM:

Block and Company, Inc. ("Block") appeals from the judgment upon a jury verdict entered on April 2, 2010, in the Circuit Court of Platte County, Missouri ("trial court"), in favor of Richard and Loreta Ryan ("the Ryans") on their claim against Block for breach of fiduciary duty. Block argues that: (1) the trial court committed reversible error regarding multiple evidentiary issues; (2) as a matter of law, Block had no fiduciary obligation to the Ryans in the manner claimed by the Ryans; and (3) there was no substantial evidence that Block breached any fiduciary duty it owed to the Ryans nor that any such breach caused damages to the Ryans and, accordingly, the trial court erroneously submitted the case to the jury. We disagree and affirm. Rule 84.16(b).

The Ryans conditioned a request for ruling on their cross-appeal in the event we reversed the trial court's judgment. Because we affirm the trial court's judgment, the Ryans' cross-appeal is moot.